**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANDREW STOLAR,                        :
                                      :
  Plaintiff,                 :
                                      :
v.                                    :      CASE NO. 3:26-cv-831 (MPS)
                                      :
CITY OF NEW HAVEN, ET AL.,            :
                                      :
  Defendants.                :

RECOMMENDED RULING GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS* AND RECOMMENDING THAT THE COMPLAINT BE
DISMISSED IN PART AND PROCEED IN PART

On May 28, 2026, Plaintiff Andrew Stolar filed this action against the City of New Haven

and Officer John Does One through Three of the New Haven Police Department. (Dkt. #1.) The

Honorable Michael P. Shea referred Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

and an initial review of the Complaint to the undersigned. (Dkts. #13, 14.) Based on the financial

affidavit submitted by Plaintiff, the Motion for Leave to Proceed *In Forma Pauperis* is

GRANTED. Additionally, the Court respectfully recommends that Counts One and Two of

Plaintiff's Complaint be DISMISSED in part and PROCEED in part, and Count Three be

DISMISSED in full pursuant to 28 U.S.C. § 1915(e)(2)(B).

    I.     FACTUAL BACKGROUND

Plaintiff alleges that on or about July 17, 2025, he was inside New Haven apartment when

multiple police officers arrived and knocked on the door. (Dkt. #1 ¶¶ 9, 12.) Plaintiff did not open

the door, and the officers remained outside the apartment. *Id.* ¶¶ 13-14. Later that same day,

Plaintiff "was in the bathroom when [apartment] management personnel and police entered

Plaintiff's apartment without Plaintiff's consent." *Id.* ¶ 15. According to Plaintiff, "the apartment

1

owner and/or management" opened the door and allowed the officers to enter Plaintiff's residence. *Id.* ¶ 16. Plaintiff repeatedly asked all individuals to leave his apartment, but the officers remained inside the apartment and Plaintiff remained inside the bathroom.[1] *Id.* ¶¶ 18, 20. Plaintiff alleges that "[a]fter several hours, officers gave the impression they were leaving," and Plaintiff therefore exited the bathroom. *Id.* ¶¶ 25-26. However, the officers had not left the apartment and they immediately arrested Plaintiff and informed Plaintiff that he was being arrested "on a bench warrant relating to a driving infraction." *Id.* ¶¶ 26-27.

In response to the incident, Plaintiff filed the instant lawsuit against the City of New Haven and the three unnamed New Haven Police Department officers.[2] (Dkt. #1.) Plaintiff asserts three claims for relief in his Complaint: Count One, violation of the Fourth Amendment for unlawful entry and search; Count Two, violation of the Fourth Amendment for unreasonable seizure; and Count Three, municipal liability. *Id.* at 7-8.

## II.    LEGAL STANDARD

Generally, when a plaintiff files a case in federal court, the plaintiff must pay a filing fee of $405. 28 U.S.C. § 1914(a). Nonetheless, a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that . . . [the person is] unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Determining whether a plaintiff should be allowed to proceed *in forma pauperis* ("IFP") involves two separate inquiries.

---

[1] At this point, Plaintiff alleges that "[n]on-police individuals" exited the apartment. (Dkt. #1 ¶ 19.)
[2] The Court notes that the three unnamed police officers are not listed as Defendants on the docket or on Plaintiff's standard-form Complaint. (Dkt. #1 at 1.) However, they are listed as Defendants in the Complaint drafted by Plaintiff. (Dkt. #1 at 6-8.) The Court therefore considers the three unnamed police officers as potential Defendants to this action.

First, the court analyzes whether the plaintiff qualifies as indigent, thereby allowing the plaintiff to proceed without prepaying the full filing fee. 28 U.S.C. § 1915(a). The Court assesses an applicant's indigency by reviewing the financial affidavit the applicant submits in connection with his or her motion. An applicant does not need to "demonstrate absolute destitution," but must show an inability to afford both the costs of living and costs of litigation. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). The determination of whether to grant an application to proceed IFP rests within the sound discretion of the court. *See Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (explaining that denials of IFP status are reviewed for abuse of discretion).

Second, to ensure that a plaintiff is not abusing the privilege of filing a free lawsuit, the court reviews the complaint and "shall dismiss" it if the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e), an action is considered frivolous "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory,'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), and an action fails to state a claim for relief if it lacks facial plausibility, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe *pro se* complaints liberally." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000). Nonetheless, "a *pro se* complaint must still allege enough facts—as distinct from legal conclusions—to establish plausible grounds for relief." *Mitchell v. Shauer*, No. 3:23-cv-896 (VAB), 2025 U.S. Dist. LEXIS 42040, at *3 (D. Conn. Mar. 7, 2025).

III.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court first considers Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* to determine whether he qualifies as indigent and may therefore forego paying the full filing fee. In his financial affidavit, Plaintiff states that he is unemployed and currently receives no income. (Dkt. #4 at 3.) Plaintiff states that he own no property, has no cash on hand or in a bank account, and is currently homeless. *Id.* at 4-6. Based on the figures provided in the financial affidavit, the Court finds that the payment of a filing fee "would constitute a serious hardship" for Plaintiff. *Tucker v. United States*, 142 Fed. Cl. 697, 707 (2019) (citation omitted). As a result, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED.

IV.     MERITS OF THE COMPLAINT

Because the Court grants Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, it now turns to the second inquiry and asks whether Plaintiff's Complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the Court respectfully recommends that the Complaint be dismissed in part and proceed in part under § 1915(e)(2)(B).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights secured by the Fourth Amendment. (Dkt. #1 ¶¶ 1, 31-42.) Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To establish a § 1983 violation, a plaintiff must show that "(1) the defendants acted under color of state law; and (2) the defendants' actions resulted in a deprivation of plaintiff's constitutional rights." *Bhatia v. Yale Sch. of Med.*, 347 F. Appx. 663, 664 (2d Cir. 2009).

4

### A. Municipal Liability

Before addressing the merits of Plaintiff's constitutional claims under § 1983, the Court addresses the issue of municipal liability. Plaintiff names the City of New Haven and three unnamed police officers of the New Haven Police Department as Defendants in this action, which all appear to be municipal entities.[3] (Dkt. #1 ¶¶ 6-9.) When a § 1983 claim is brought against a municipality, a plaintiff must allege that the constitutional violation resulted from a municipal policy or custom to proceed on that claim. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (establishing the foundation of a "*Monell*" claim). And "[§] 1983 claims against municipal employees sued in their *official* capacity are treated as claims against the municipality itself." *Seri v. Town of Newtown*, 573 F. Supp. 2d 661, 671 (D. Conn. 2008) (emphasis added). Therefore, the City of New Haven and the three unnamed officers in their official capacities are subject to the § 1983 municipal liability limitations established in *Monell*.

Plaintiff brings Count Three as a standalone *Monell* claim, arguing that the City of New Haven "failed to adequately train, supervise, and discipline officers concerning constitutional limitations involving residential entry, wellness checks, and warrant execution." (Dkt. #1 ¶ 41.) Plaintiff argues that these shortcomings contributed to the alleged constitutional violations. *Id.* ¶ 42. As a threshold matter, Count Three fails because "*Monell* does not provide a separate cause of action" but rather "*extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006); *see also Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019) ("It is well settled that a *Monell* claim cannot succeed without an underlying violation."). Plaintiff cannot pursue a *Monell* claim

---

[3] Although Plaintiff does not specify whether he is proceeding against the police officers in their official and/or individual capacities, the Court considers both official and individual capacity liability.

independent of an alleged constitutional violation, and the Court recommends dismissal with prejudice of Count Three.

Although Plaintiff may not pursue a *Monell* claim independently of an alleged constitutional violation, the Court considers whether Counts One and Two—as constitutional claims—may serve as the basis of a *Monell* claim. In other words, the Court considers whether Plaintiff may assert Counts One and Two against the City of New Haven and/or the police officers in their official capacities. To do so, Plaintiff must plead that the underlying constitutional violations resulted from a municipal policy, practice, or custom. *Monell*, 436 U.S. at 694.

Plaintiff makes no allegation in his Complaint that there was a municipal policy, practice, and/or custom that caused the purported constitutional violations. *See* dkt. #1. Rather, the allegations in the Amended Complaint stem from the standalone incident that occurred on July 17 at Plaintiff's apartment. *Id.* Courts within the Second Circuit hold that "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (collecting cases). Nor has Plaintiff pled the existence of a municipal custom. Although a municipal custom is less formal than a policy, it requires a practice that "is so widespread as to have the force of law." *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). While Plaintiff alleges that the purported constitutional violations stem from the City of New Haven's "fail[ure] to adequately train, supervise, and discipline officers," dkt. #1 ¶ 41, but without further detail or information this conclusory allegation is insufficient to suggest a municipal custom existed as to any of the Defendants.

Because Plaintiff has not sufficiently pled a *Monell* claim, he may not pursue constitutional claims against the municipal entities under § 1983. Therefore, the Court recommends dismissal

without prejudice of Counts One and Two against the City of New Haven and the three unnamed police officers in their official capacities.

### B.  Individual Liability

While Plaintiff's allegations are insufficient to proceed under § 1983 against the municipal entities (including the individual, unnamed Defendants in their official capacities), the Court considers whether the claims may proceed against the three unnamed police officers in their individual capacities. "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The Court first considers Plaintiff's claim that the police officers violated his rights secured under the Fourth Amendment for an alleged unlawful entry and search (Count One). The Fourth Amendment establishes the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In the Complaint, Plaintiff alleges that the three police officers unlawfully entered Plaintiff's apartment "without a warrant authorizing entry . . . and without Plaintiff's consent." (Dkt. #1 ¶ 33.) Plaintiff alleges that this conduct constitutes an "unreasonable entry and intrusion" in violation of the Fourth Amendment. *Id.* ¶ 34. Generally, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). However, because the contents of the warrant at issue are unclear from the Complaint, the Court is unable to determine its validity at this juncture. Accordingly, construing the allegations liberally in light of Plaintiff's *pro se* status, the Court finds Count One sufficient to proceed at this initial review stage against the three police officers in their individual capacities.

Finally, the Court considers Plaintiff's Fourth Amendment claim as it pertains to unreasonable seizure (Count Two). Plaintiff claims that the police officers "unlawfully detained and seized Plaintiff inside his residence for an extended period of time" and that the actions were "unreasonable under the circumstances." (Dkt. #1 ¶¶ 37-38.) "In recent years, the Supreme Court has repeatedly made clear that the Fourth Amendment applies with its greatest force in the home," *United States v. Allen*, 813 F.3d 76, 85 (2d Cir. 2016), and "courts have developed a relatively bright-line rule requiring a facially valid warrant to justify the seizure of a person in the home," *Milner v. Duncklee*, 460 F. Supp. 2d 360, 368 (D. Conn. 2006). Given the contents and validity of the warrant are currently unknown (as discussed above), the Court finds that Count Two may proceed against the three police officers in their individual capacities.

<u>CONCLUSION</u>

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Proceed *In Forma Pauperis*. Additionally, the Court recommends that Counts One and Two of Plaintiff's Complaint be DISMISSED in part (without prejudice) and PROCEED in part, and Count Three be DISMISSED in full (with prejudice). Because the identity of the three John Doe police officers are unknown at this time, the Court recommends that Plaintiff be granted a period of leave of sixty (60) days to determine their identities.

This is a recommended ruling. Any party may seek the district court's review of this recommendation. *See* 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within 14 fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72.2 of the Local Rules for Magistrate Judges; *Thomas v. Arn*, U.S. 140, 155 (1985). Failure to file timely objections to a Magistrate Judge's recommended ruling waives further review of the ruling. *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

SO ORDERED this **30th day of June, 2026** at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
U.S. Magistrate Judge